# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CENTRAL ALARM SIGNAL, INC., individually and as representative of a class of similarly-situated persons, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 2:14-cv-14166-PDB-RSW |
| v. ) ) | Hon. Paul D. Borman |
| BUSINESS FINANCIAL SERVICES, INC., BUSINESS CASH ADVANCE, INC., BFS WEST, INC., and JOHN DOES 1-10, ) ) ) ) ) | Magistrate Judge R. Steven Whalen |
| Defendants. ) | |

## JOINT LIST OF UNRESOLVED ISSUES REGARDING PLAINTIFF'S MOTION TO COMPEL

Pursuant to the Magistrate's Order, the parties jointly submit this Joint List of Unresolved Issues Regarding Plaintiff's Motion to Compel Responses. (Doc. 42). The hearing on the motion is set for October 27, 2015 at 10:00 A.M. Counsel for the parties met on October 16, 2015, at the offices of counsel for Defendants. Present at the meeting were Ross Good, counsel for Plaintiff, and Terance A. Gonsalves and Charles A. DeVore, counsel for Defendants.

### UNRESOLVED ISSUES

A. **Whether Plaintiff is entitled to discovery related to fax advertising by or on behalf of Business Financial Services, Inc. or Business Cash Advance, Inc.**

  1. **Plaintiff's Position**

Plaintiff is entitled to discovery related to fax advertising by all Defendants because all faxes sent during the class period are "related" to the fax sent to Plaintiff – they are all part and parcel of Defendants' custom and practice of sending fax advertisements in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b)(1)(C) ("TCPA"). Plaintiff's currently pending First Amended Complaint ("FAC") is premised on the fax it was sent by or on behalf of Defendants does not somehow operate to excuse Defendants as to all of the other fax advertisements sent by or on behalf of Defendants during the class period. (Doc. 10-1). All of those other recipients of Defendants' fax advertising campaigns, regardless of the state the recipient is located in, suffered the very damage sought to be redressed by the TCPA.

Defendants' Initial Disclosures Pursuant to FRCP 26(a)(1) indicate that Cathy Bass is an individual with knowledge of this case. According to documents produced by Defendants, Cathy Bass was instrumental in designing and approving the fax advertisement which is attached to the FAC.  Cathy Bass is an officer of both Business Financial Services, Inc. ("BFS") and Business Cash Advance, Inc. ("BCA"). BFS, BCA and BFS WEST, INC. ("BFS West") are all wholly-owned subsidiaries of the same corporate parent. (Defendants' Response to Plaintiff's Motion to Compel, Doc. 47).  BFS, BCA and BFS WEST operate in the same field of business: providing financing to small businesses that may not qualify for

traditional commercial loans. *Id.* BFS WEST operates within the state of California while BFS operates in the rest of the country.

Plaintiff is entitled to production of all of the documents and electronic data in Defendants' possession, custody and control regarding all faxes sent during the class period.

2. **Defendants' Position**

Plaintiff is not entitled to discovery related to fax advertising conducted by or on behalf of Business Financial Services, Inc. or Business Cash Advance, Inc. (collectively "BFS"). Plaintiff alleges it received a single fax message from independent, non-party Infinite Synergy LLC.[1] Although Infinite Synergy provided potential applicants for financing, or "leads," to BFS West, BFS had no contact or involvement with Infinite Synergy. BFS and BFS West are independent, wholly-owned subsidiaries of a common parent corporation. The fact that BFS and BFS West have a common corporate officer or operate in the same industry is not sufficient to impute the conduct of one subsidiary to the other, and does not justify discovery from BFS regarding work that is solely related to BFS West. As a result, fax advertising by or on behalf of BFS is entirely irrelevant to Plaintiff's claims.

---

[1] To Defendants' knowledge, Infinite Synergy LLC is not incorporated in any state and has no employees. An individual, Michael Cafiero, used the name Infinite Synergy LLC in his dealings with BFS West, Inc.

3

Further, the scope of Plaintiff's discovery requests with respect to fax advertising by or on behalf of BFS is incredibly broad, including all communications and records related to all fax advertising during a four-year period. If ordered to comply with these requests, BFS would have to manually search its internal servers and the e-mail accounts and hard drives of numerous current and former employees. This would significantly disrupt BFS' business and would impose an undue burden upon BFS.

**B. Whether Plaintiff is entitled to discovery related to fax advertising done directly by BFS West, Inc., or fax advertising done by any fax broadcaster hired by BFS West, Inc. for faxes that were not part of the fax campaign by third party Infinite Synergy that resulted in the fax sent to the Plaintiff**

1. **Plaintiff's Position**

Plaintiff is entitled to discovery related to all fax advertising done by BFS West regardless of whether it was done directly or indirectly.

Plaintiff alleges that Defendants are the sender of fax advertisements in violation of the TCPA. The FCC has specifically promulgated a rule defining the fax sender as the "person or entity <u>on whose behalf</u> a facsimile unsolicited advertisement is sent <u>or whose goods or services are advertised or promoted in the unsolicited advertisement</u>." 47 C.F.R. § 64.1200(f)(10) (emphasis added). Furthermore, all of those other recipients of Defendants' fax advertising campaigns suffered the very damage sought to be redressed by the TCPA. There is no

distinction under the law for violations of the TCPA based based on which third party the Defendants used.

Defendants have produced documents related to the third party Infinite Synergy. These documents clearly show that Cathy Bass was involved in designing and targeting fax advertisements for nationwide distribution. Furthermore, the documents show that the actual filled out fax leads came in from all over the country and were provided by Infinite Synergy to Defendants for them to contact regarding financing for small businesses.

Plaintiff asks this Court to order BFS West to identify all entities which transmitted fax advertisements on its behalf and provide complete responses to Plaintiff's Requests for Production as it relates to these entities.

2. **Defendants' Position**

Plaintiff is not entitled to discovery related to fax advertising conducted directly by BFS West or advertisements sent by any fax broadcaster it hired. Plaintiff alleges that it received a single fax message from independent, non-party Infinite Synergy on August 1, 2013. Infinite Synergy provided potential applicants for financing, or "leads," to BFS West. Infinite Synergy provided its last lead to BFS West in May 2013, and communications between the Infinite Synergy and BFS West ceased in June 2013. The fax Plaintiff received from Infinite Synergy was a generic form that did not identify BFS or BFS West and was transmitted

more than a month after BFS West and Infinite Synergy last had contact. Plaintiff's receipt of a generic fax from Infinite Synergy, an independent, non-party that was no longer in contact with BFS West, and its claims based on that fax, do not entitle it to discovery related to any fax advertising conducted directly by BFS West or by any fax broadcasters it hired.

### C. Whether Plaintiff is entitled to discovery related to fax advertising done by independent third party lead providers other than Infinite Synergy.

#### 1. Plaintiff's Position

To the extent Defendants are aware of third party lead providers that sent fax advertisements on behalf of any of the Defendants, Plaintiff believes is entitled to said discovery. Infinite Synergy was an independent third party lead provider who used fax advertising on behalf of Defendants to generate leads for Defendants. Cathy Bass and Defendants negotiated an agreement to pay Infinite Synergy a commission for sales made from leads generated by fax advertising.

Plaintiff asks this Court to order Defendants to identify all entities which transmitted fax advertisements on its behalf and provide complete responses to Plaintiff's Requests for Production as it relates to these entities.

#### 2. Defendants' Position

Plaintiff is not entitled to discovery related to fax advertising by independent, third party lead providers other than Infinite Synergy. During the four-year putative class period, Defendants received leads from more than 500

independent lead providers. Defendants do not dictate the methods independent lead providers use to contact potential applicants for financing or provide lists of individuals these lead providers should contact. Because the lead providers are independent, third parties, not controlled by Defendants, and their conduct is not in any way related to the fax Plaintiff received, Plaintiff is not entitled to discovery related to their fax advertising campaigns.

Further, Defendants do not maintain information about the method each independent lead provider uses to generate leads. If ordered to comply with Plaintiff's broad discovery requests with respect to independent lead providers, Defendants would first have to attempt to identify leads that originated from fax campaigns by searching e-mails, faxes, and/or hard copy files they received from each lead provider. To the extent it is possible to reconstruct which independent lead providers conducted fax campaigns, Defendants would then have to locate and manually review all records and communications related to those lead providers. This exercise would be a tremendous burden on each of the Defendants and would substantially disrupt their businesses.

The fact that Infinite Synergy attempted to negotiate an agreement with BFS West does not justify Plaintiff's request for all documents related to fax advertising by independent third parties that provided leads to Defendants. Defendants have already produced every e-mail between BFS West and Infinite Synergy, every lead

Infinite Synergy offered to BFS West, every internal BFS West e-mail discussing Infinite Synergy, and screen shots of BFS West's database reflecting attempts by BFS West employees to contact potential loan applicants provided by Infinite Synergy.

Dated: October 23, 2015                                                     Respectfully submitted,

| | |
|---|---|
| CENTRAL ALARM SIGNAL, INC., a Michigan corporation, individually and as the representative of a Class of Similarly Situated Persons | Business Financial Services, Inc.; Business Cash Advance, Inc., and BFS West, Inc. |
| | By: /s/Terance A. Gonsalves |
| By:   /s/ Ryan M. Kelly<br>         Ross M. Good | Terance A. Gonsalves (Ill. 6272295)<br>Katten Muchin Rosenman LLP |
| ANDERSON + WANCA<br>Brian J. Wanca<br>Ryan M. Kelly<br>Ross M. Good<br>3701 Algonquin Road, Suite 500<br>Rolling Meadows, IL 60008<br>Telephone: 847/368-1500 | 525 West Monroe Street<br>Chicago, Illinois 60661<br>Phone: (312) 902-5200<br>Fax: (312) 902-1061<br>terance.gonsalves@kattenlaw.com |
| | Stuart M. Richter (Cal. 126231)<br>2029 Century Park East<br>Suite 2600<br>Los Angeles, CA 90067-3012<br>Telephone: (310) 788-4582<br>Fax: (310) 712-8434<br>stuart.richter@kattenlaw.com |
| | David E. Plunkett (P66696)<br>Williams, Williams, Rattner & Plunkett, P.C.<br>380 N. Old Woodward Ave<br>Suite 300<br>Birmingham, MI 48009<br>(248) 642-0333<br>DEPlunkett@wwrplaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all attorneys of record.

> By: /s/Terance A. Gonsalves
> Terance A. Gonsalves (Ill. 6272295)
> Katten Muchin Rosenman LLP
> 525 West Monroe Street
> Chicago, Illinois 60661
> Phone: (312) 902-5200
> Fax: (312) 902-1061
> terance.gonsalves@kattenlaw.com
>
> Stuart M. Richter (Cal. 126231)
> 2029 Century Park East
> Suite 2600
> Los Angeles, CA 90067-3012
> Telephone: (310) 788-4582
> Fax: (310) 712-8434
> stuart.richter@kattenlaw.com
>
> David E. Plunkett (P66696)
> Williams, Williams, Rattner & Plunkett, P.C.
> 380 N. Old Woodward Ave
> Suite 300
> Birmingham, MI 48009
> (248) 642-0333
> DEPlunkett@wwrplaw.com