UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRAL ALARM SIGNAL, INC.,

       Plaintiff,                             No. 14-14166

v.                                         District Judge Paul D. Borman
                                           Magistrate Judge R. Steven Whalen

BUSINESS FINANCIAL SERVICES,
INC., BUSINESS CASH ADVANCE, INC.,
BFS WEST, INC., and JOHN DOES 1-10,

       Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery [Doc. #42]. For the reasons and under the terms discussed below, the motion is GRANTED.

**I.    BACKGROUND**

Plaintiff Central Alarm Signal, Inc. has brought this class action under the Telephone Consumer Protection act ("TCPA"), 47 U.S.C. § 227(b)(1)(C), alleging that Defendants sent, or caused to be sent, unsolicited fax advertisements. Attached to the First Amended Complaint ("FAC")[Doc. #10] as Exhibit A is fax advertisement that Defendants allegedly caused to be sent to Plaintiff on August 1, 2013.[1] The Plaintiff alleges that the Defendants faxed "the same and other unsolicited faxes" to Plaintiff and others. FAC, ¶ 18. The proposed class is defined as follows:

---

[1] The fax was sent on Defendants' behalf by non-party Infinite Synergy LLC. Defendants state, at fn. 1 of the Joint List of Unresolved Issues [Doc. #48], "To Defendants' knowledge, Infinite Synergy LLC is not incorporated in any state and has no employees. An individual, Michael Cafiero, used the name Infinite Synergy LLC in his dealings with BFS West, Inc." It now appears that Mr. Cafiero is residing in Barcelona, Spain.

"All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which did not display a proper opt-out notice." *Id.* ¶ 21.

At issue in this motion are Plaintiff's First Requests for Production and First Set of Interrogatories. In general terms, Plaintiff seeks documents and information regarding faxes that all Defendants sent, or that third-parties sent on Defendants' behalf, during the class period. Defendants object, arguing that the scope of discovery is limited by the single fax attached to the FAC, such that only faxes sent by Infinite Synergy, on behalf of Defendant BFS West, Inc. ("BFS West") are relevant.

In the Joint List of Unresolved Issues [Doc. #48], the parties distilled the issues into three areas:

> A.  Whether Plaintiff is entitled to discovery related to fax advertising by or on behalf of Business Financial Services, Inc. ("BFS"), or Business Cash Advance, Inc. ("BCA").
>
> B.  Whether Plaintiff is entitled to discovery related to fax advertising doe directly by BFS West, Inc., or fax advertising done by any fax broadcaster hired by BFS West, Inc. for faxes that were not part of the fax campaign by third party Infinite Synergy that resulted in the fax sent to the Plaintiff.
>
> C.  Whether Plaintiff is entitled to discovery related to fax advertising done by independent third party lead providers other than Infinite Synergy.

## II.   DISCUSSION

### A.   Fax advertising by BFS and BCA

There are three named Defendants in the FAC: BFS, BCA, and BFS West. Defendants allege that it was only BFS West that had any dealings with Infinite Synergy. While Defendants do not specifically discuss BCA in response to Plaintiff's motion, they state that "[a]lthough Infinite Synergy provided potential applicants for financing, or 'leads,' to BFS West, BFS had no contact or involvement with Infinite Synergy." *Joint*

*List*, at 3. Defendants state that "BFS and BFS West are independent, wholly-owned subsidiaries of a common parent corporation." *Id*. Without conceding that the entities are "independent," the Plaintiff describes the relationship between BFS and BFS West as follows:

> "According to documents produced by Defendants, Cathy Bass was instrumental in designing and approving the fax advertisement which is attached to the FAC. Cathy Bass is an officer of both...BFS and...BCA. BFS, BCA and BFS WEST, Inc. are all wholly-owned subsidiaries of the same corporate parent....BFS, BCA and BFS WEST operate in the same field of business: providing financing to small businesses that may not qualify for traditional commercial loans. BFS WEST operates within the state of California while BFS operates in the rest of the country." *Id*. at 2-3.

This has been pled as a class action. Plaintiffs allege that during the four-year class period, BFS, BFS West, and BCA–all named Defendants–sent, or caused to be sent, unsolicited faxes. While Defendants protest that BFS operates independently of BFS West, and had no contact with Infinite Synergy, the actual relationship between the two entities, Infinite Synergy, and Cathy Bass is ultimately a question of fact. Questions of fact are fair game for discovery. That Plaintiff attached only a single fax to the FAC does not circumscribe the class allegations in that complaint or limit the scope of discovery relevant to those allegations. And Fed.R.Civ.P. 26(b)(1) envisions a broad scope of discovery, including the provision that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

Moreover, the discovery that Plaintiff seeks is relevant to the certification of the class, which the FAC defines as all person who, on or after four years before the date complaint, were sent unsolicited faxes by or on behalf of the Defendants. In *Whiteamire Clinic, P.A., Inc. v. Quill Corporation*, 2013 WL 5348377 (N.D. Ill. 2013), the defendant similarly sought to restrict the plaintiff's discovery requests. The court held:

> "Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality....[T]he Court cannot permit [Defendant] on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified." *Id*. at *3.

*Whiteamire* also speaks to Defendants' characterization of Plaintiff's requests as a "fishing expedition:"

> "It is part and parcel of the discovery process for parties to make discovery requests without knowing what they will get, or indeed, whether they will get anything at all. In that sense, most discovery involves an element of "fishing." Thus, to conclusorily label a discovery request as a "fishing expedition" does little to advance the discussion; the more appropriate inquiry (to continue with the fishing metaphor) is how big a pond is the requesting party allowed to fish in, and what may the requesting party fish for." *Id*. at 6.

Fax advertising by all Defendants during the class period is relevant to the claims pled in the FAC. Of course, production will be limited to faxes related to advertising, as typified by the fax attached to the FAC. As such, I am not convinced that the production of this information is overly burdensome. If, following a good-faith and diligent search, Defendants ascertain that they do not have possession, custody, or control of responsive material, they shall so indicate in their response.

### B.  Faxes by BFS West directly and not related to Infinite Synergy
### C.  Faxes sent through third-party providers other than Infinite Synergy

The TCPA prohibits using "any telephone facsimile machine, computer, or other devise to send, to a telephone facsimile machine, and unsolicited advertisement...." 47 US.C. § 227(b)(1)(C). Federal Regulations define "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement."  47 C.F.R. § 64.1200(f)(10). Again looking at the claims in the FAC, discovery is not limited to the third-party entity that happened to send the fax advertisement sent on behalf of Defendant BFS West by

Infinite Synergy. If BFS West or the other Defendants sent unsolicited fax advertisements during the class period, either directly or through any third party, they were in violation of the TCPA, and Plaintiff is entitled to discovery of that relevant information.

Again, if following a good-faith and diligent search, Defendants ascertain that they do not have possession, custody, or control of responsive material, they shall so indicate in their response.

### III.   CONCLUSION

Under these terms, Plaintiff's Motion to Compel [Doc. #42] is GRANTED. All discovery ordered herein, if not already produced, shall be produced within 21 days of the date of this Order.

IT IS SO ORDERED.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: July 5, 2016

### CERTIFICATE OF SERVICE

I hereby certify on July 5, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants July 5, 2016.

                                        s/Carolyn M. Ciesla
                                        Case Manager for the
                                        Honorable R. Steven Whalen